[No. 3,987.]

THOMAS CUNNINGHAM v. THE COUNTY OF SAN JOAQUIN.

MILEAGE OF SHERIFF AND CONSTABLE.—A Sheriff or Constable, under the Statute of 1870, for executing a warrant of arrest, is entitled to mileage, both for the distance traveled in going to make the arrest, and for that traveled from the place of arrest to the magistrate.  They are also entitled to mileage for distance traveled outside the county in making an arrest, and in taking the prisoner toward a magistrate.

APPEAL from the District Court, County of San Joaquin.

The plaintiff was Sheriff of the county of San Joaquin, and, after March 6, 1872, executed several warrants for the arrest of persons charged with crime.   He presented, for allowance, to the Board of Supervisors, an account for these services, in which he charged mileage not only for the distance traveled in going to make the arrest, but for that traveled in conveying the prisoner from the place of arrest to the magistrate who issued the warrant.   The Board rejected that part of the account which was for mileage in taking prisoners from the place of arrest to the magistrate.

One Langmaid was a Constable in said county, and, as such, received a warrant of arrest, and, to execute the same, traveled a number of miles outside of San Joaquin County, and in Tuolumne County.  He traveled in Tuolumne County five miles in going to make the arrest, and five miles in returning.   The Board of Supervisors disallowed that part of Langmaid's account which was for travel outside San Joaquin County, and for travel in San Joaquin County in taking the prisoner from the place of arrest to the magistrate. He then assigned his demand to the plaintiff who commened this action in the District Court to recover the demands.   The Court below held that the Sheriff was not

entitled to mileage for taking a prisoner from the place of arrest to the magistrate or to prison, and that the Constable was not entitled to mileage outside the county, either in going or returning, and was not entitled to mileage for taking a prisoner from the place of arrest to prison, or to the magistrate, and rendered judgment accordingly.

The other facts are stated in the dissenting opinion.

The plaintiff appealed.

*W. L. Dudley* and *W. S. Montgomery,* for the Appellant.

*E. S. Pillsbury,* for the Respondent.

By the Court, McKINSTRY, J.:

The "executing a warrant of arrest" and the "taking a prisoner before a magistrate" are mentioned in the statute as separate and distinct acts.

The words "in going only" which immediately precede the words "in executing any warrant of arrest," cannot be held to apply to the taking of a prisoner before the magistrate, except as applicable to the distance traveled from the place of the arrest to the magistrate, and the officer making the arrest was entitled to his mileage for that distance.

The officer was entitle to his mileage (outside of San Joaquin county) in going to make an arrest and in taking a prisoner toward the magistrate.

Judgment reversed. The District Court will enter a judgment in accordance with the foregoing.

WALLACE, C. J., dissenting in part.

1. The mileage provided by statute is not limited to traveling done by an officer within the boundaries of the county or district of which he is such officer, and upon this point I agree with the majority.

2. I am, however, of opinion that the Court was correct in disallowing mileage to the officer for traveling done by him in taking O'Brien before the magistrate after his arrest. The statute upon which this question is to be de-

termined (1869–70, p. 159) is as follows: "For every mile necessarily traveled, in going only, in executing any warrant of arrest, subpœna or venire, bringing up a prisoner on *habeas corpus*, taking prisoners before a magistrate or to prison, or for mileage in any criminal cause or proceeding; *provided*, that in serving a subpœna or venire, when two or more jurors or witnesses live in the same direction, but one mileage shall be charged; thirty cents; *provided further*, that in the counties of Amador and Sacramento, for every mile necessarily traveled, in any criminal case, twenty cents."

I think it clear that the meaning of this section of the statute is that (except in the counties of Amador and Sacramento) no mileage is to be allowed to the officer except for the distance traveled by him in going to execute criminal process, and that for traveling done, after he shall have actually served the criminal process in hand, by arresting the accused, serving the subpœna upon the witnesses, etc., he is not entitled to receive mileage.

I therefore dissent from so much of the opinion and judgment of the majority as directs the Court below to render judgment for mileage claimed by reason of traveling done by the officer after he had made the arrest of O'Brien.

Mr. Justice CROCKETT did not express an opinion.