[No. 12603.   Department Two. — December 27, 1889.]

GEORGE W. ALLEN, RESPONDENT, v. NAPA COUNTY, APPELLANT.

CONSTABLE — EXECUTION OF CRIMINAL PROCESS OUTSIDE OF HIS COUNTY. — A constable may execute a justice's warrant of arrest outside of the county for which he was elected, provided such warrant be properly indorsed.

ID. — INDORSEMENT OF WARRANT — PRESUMPTION OF IN ACTION FOR FEES — PLEADING. — In an action by the constable to recover from the county his fees for executing a warrant of arrest outside of his county, the complaint need not allege that the warrant was indorsed. It is sufficient if it alleges that the arrest was made under and by virtue of the warrant, etc.

ID. — FEES FOR TAKING PRISONER BEFORE THE MAGISTRATE. — A constable who makes an arrest outside of his county is entitled to fees for taking his prisoner before the magistrate, as well as for going to make the arrest.

APPEAL from a judgment of the Superior Court of Napa County.

The facts are stated in the opinion.

*H. M. Barstow*, and *Henry Hogan*, for Appellant.

*Henry C. Gisford*, for Respondent.

HAYNE, C. — This was an action against Napa County by the assignee of a constable of Napa township, in said county, for official services in making an arrest under a warrant issued by a justice of the peace of Napa township. In executing the warrant, the constable traveled

to San Pedro, in Los Angeles County, arrested the alleged criminal there, and brought him before the justice who issued the warrant. The claim is mainly for mileage in going to San Pedro and in bringing back the prisoner. The trial court overruled a demurrer to the complaint, and no answer having been put in, gave final judgment for the plaintiff for the amount claimed. The only questions which have been argued are, whether the constable was authorized to execute process outside of his county, and if so, whether he was entitled to mileage in taking his prisoner before the magistrate.

1. Was the constable authorized to execute the warrant outside of his county?

As will be shown below, the provisions of the present statutes in relation to this question are not materially different from those formerly in force. The construction given to the old statutes will therefore aid in the solution of the question.

The definition of the duties of a constable given in the act of 1850 seems to have restricted him to acts " within his township." (See Laws 1850, p. 263, sec. 2.) And it was accordingly held under this provision that a constable could not serve a summons in a civil action outside of his township. (*Lowe* v. *Alexander*, 15 Cal. 297.) It will be observed that this case related to the service of a summons. With reference to writs of execution, however, section 601 of the Civil Practice Act (as amended in 1854) provided that the writ, " when issued by a justice, shall be directed to the sheriff or to a constable *of the county*," etc. And the construction which this seems to have received was, that it meant *any* constable of the county, and that consequently it might be directed to a constable of a different township from that of the justice, or from that where the property to be levied on was situated. The inference was, that a constable could act outside of his township. This was in effect held in *Lafontaine* v. *Greene*, 17 Cal. 296. The court, per Cope,

J., distinguished *Lowe* v. *Alexander*, above cited, saying: "The question there related to the service of a summons, and the decision was based upon the language of the second section of the act of April, 1850, prescribing the duties of constables. There was no other statute affecting the point in controversy."

Soon after this decision, the legislature amended the act of 1850 so as to extend the duties of a constable to the performance of acts "within his county" instead of "within his township." (See Laws 1861, p. 28.)

If there were no other provision, it might be plausibly argued that a constable could not go outside of his county. But in relation to criminal process, at least, there were other provisions. Sections 111 and 112 of the Criminal Practice Act (1699 and 1700 of Hittell's General Laws) were as follows: —

"Sec. 111. If a warrant be issued by a justice of the supreme court, district judge, or county judge, it may be directed generally to any sheriff, constable, marshal, or policeman, in this state, and may be executed by any of those officers to whom it may be delivered.

"Sec. 112. If be issued by any other magistrate, it may be directed generally to any sheriff, constable, marshal, or policeman, in the county in which it is issued, and may be executed in that county, or if the defendant be in another county, it may be executed therein upon the written direction of a magistrate of that county indorsed upon the warrant," etc.

Under these provisions it was held in *Cunningham* v. *San Joaquin County*, 49 Cal. 323, that a constable could go outside of his county to execute criminal process. The opinion is short, and does not refer to any statute or authority, but the briefs show that the provisions above quoted were the ones upon which reliance was placed by counsel, and we have no doubt that the decision was based upon them.

The existing law is substantially the same as that

upon which the decision last cited was based. Section 158 of the County Government Act is not more restrictive in its definition of the duties of constables than the act of 1861 above referred to, which latter was in force when the facts of *Cunningham* v. *San Joaquin County* occurred and were passed upon. And the provisions of the Criminal Practice Act above quoted are reproduced in the Penal Code. (See secs. 818, 819.) This being the case, we think it plain that constables may execute criminal process outside of their counties, if such process be properly issued and indorsed.

The complaint does not allege that the warrant under which the plaintiff's assignor acted was indorsed by a magistrate of the county of Los Angeles. It alleges merely that the arrest was made "under and by virtue of a warrant of arrest for the said John Williams, issued out of the justice's court of said Napa township," etc. But we think that the foregoing is sufficient in an action to recover fees. It will not be presumed in such an action that the officer acted unlawfully.

2. Was the constable entitled to mileage for bringing his prisoner before a magistrate, or only in going to make the arrest? It is agreed by counsel that Napa is a county of the thirteenth class. And by the County Government Act it is provided that constables of counties of that class shall receive "such fees as are now or hereafter may be allowed by law." (Laws 1883, p. 342; Laws 1885, p. 175.) The only provision of law regulating the charges of constables is contained in the fee bill of March 5, 1870. This act, after making provision for certain services of constables, provides that they shall receive "for all other services the same fees *as are allowed to sheriffs* for similar services." (Laws 1869–70, p. 171.)

The same act has the following provision in relation to the services of sheriffs of the kind rendered by the plaintiff here: "For every mile necessarily traveled, *in going only,* in executing any warrant of arrest, subpœna,

or *venire*, bringing up a prisoner on *habeas corpus, taking prisoners before a magistrate,* or to prison, or for mileage in any criminal case or proceeding; provided that, in serving a subpœna or *venire,* when two or more jurors or witnesses live 'in the same direction, but one mileage shall be charged, — thirty cents; provided further, that in the counties of Amador and Sacramento, for every mile necessarily traveled in any criminal case, twenty cents." (Laws 1869–70, p. 159.)

Two points are made for the appellant in relation to this latter provision: —

1. It is contended that it does not apply.

The same act, it is said, provides that constables shall receive the same fees as sheriffs, and the County Government Act provides that sheriffs of counties of the thirteenth class shall receive a salary of five thousand dollars per annum (Laws 1883, p. 343), and his necessary expenses in transacting criminal business outside the county (County Government Act 1883, sec. 164, renumbered as sec. 211, in 1885, Laws 1885, p. 194). But we do not think that this position can be sustained. The act of 1870 did not provide as much compensation for constables as for sheriffs. Similar services were to be charged at similar rates by each class of officers; but the legislature must have had in view the fact that constables have comparatively little to do. It could not have been the intention to give each constable of a township the same compensation as is given to an important and busy county officer like the sheriff. And the language does not imply this. It is not said that a constable shall receive the same *salary* as a sheriff, but that he shall receive the same *fees* for similar services. Fees are not salaries; nor do they come under the head of "necessary expenses." The only logical result of the appellant's argument in this regard would be, that after the sheriff's fees were abolished the constables would receive no fees whatever. But this could not have been intended. We

think, therefore, that the provision of the act of 1870 above quoted is the one which regulates the matter.

2. It is contended that the proper construction of the provision last mentioned is, that the constable was only entitled to his mileage in going to make the arrest, and not in bringing his prisoner before the magistrate. This contention is based upon the words "in going only." But this question was decided adversely to the appellant's view in the case of *Cunningham* v. *San Joaquin County*, above cited. And we are inclined to agree with the majority of the court in that case. The words "in going only" would in all probability prevent the officer from charging mileage for the return trip when he does not succeed in making the arrest. But where, as in this case (and as in the case referred to), he does succeed, and consequently has to take the prisoner before a magistrate, it would seem that the case is covered by the words "taking prisoners before a magistrate." But however this may be, the decision does not appear to have been questioned during fifteen years, and according to the respondent, "it has been the universal practice ever since for constables to charge mileage both in going to execute a warrant and in taking a prisoner before the magistrate who issued the warrant." And we think that if the rule is not satisfactory, recourse must be had to the legislature.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.