McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

---

[18012. Department One.— May 12, 1893.]

## C. C. NELSON, APPELLANT, v. N. BREEN, COUNTY AUDITOR, ETC., ET AL., RESPONDENTS.

COUNTY GOVERNMENT ACT—MILEAGE OF CONSTABLES—CONVEYING PRISONER TO JAIL—COUNTIES OF THIRTY-NINTH CLASS.—Constables in counties of the thirty-ninth class are entitled under the County Government Act to charge mileage for the distance traveled in conveying a prisoner to jail after he has been arrested, as well as mileage for the distance traveled for the purpose of making the arrest.

ID.—CONSTRUCTION OF STATUTES.—Subdivision 14, section 201 of the County Government Act of 1889 (Stats. 1889, p. 297), which provides that constables in counties of the thirty-ninth class are authorized to receive "such fees as are now or may hereafter be allowed by law, except that the constable's mileage shall not exceed twenty-five cents for each mile traveled, *in going only*, in the discharge of the duties of his office," was intended merely to change the rate of mileage and not the subjects for which it should be received, as provided in the previous act of 1869-70, page 148.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

*James F. Peck*, and *Breckinridge & Peck*, for Appellant.

*W. A. Nygh*, for Respondents.

HARRISON, J.—The question involved on this appeal is the right of a constable in Merced County to charge mileage for the

distance traveled for the purpose of arresting a prisoner, and also for conveying him to jail after his arrest.

The question was decided in the affirmative in *Allen* v. *Napa Co.*, 82 Cal. 187, following the decision in *Cunningham* v. *San Joaquin Co.*, 49 Cal. 323. It is contended, however, that by subdivision 14, section 201 of the County Government Act of 1889 (Stat. 1889, p. 297), a different rule of compensation has been prescribed. Under that section constables in counties of the thirty-ninth class (which embraces Merced County) are authorized to receive "such fees as are now or may hereafter be allowed by law, except that the constable's mileage shall not exceed twenty-five cents for each mile traveled, in going only, in the discharge of the duties of his office." It is contended that under this provision a constable is entitled to receive mileage for "going only" for the purpose of making the arrest, and not for afterwards conveying him to jail. We are of opinion, however, that the legislature intended by this section to change only the rate of mileage and not the subjects for which it should be received, and that if it had intended to make any other change than the rate of mileage, it would have expressed its intention in definite terms.

The statute of 1869–70, page 148, was the law in force for regulating the fees of constables at the time when the County Government Act was passed, and must be resorted to for the purpose of ascertaining "such fees as are allowed by law"; and the construction which that statute had received at the date of the passage of the latter act must be held to have been intended by the legislature when it was adopted as the measure of compensation for constables. In *Cunningham* v. *San Joaquin Co.*, 49 Cal. 323, the court held that the words "in going only," as used in that statute, applied only to executing a warrant of arrest, for the reason that "executing a warrant of arrest" and "taking a prisoner before a magistrate, or to jail," were mentioned as separate and distinct acts to be done by the officer, and therefore that the officer was entitled to mileage for his travel in both directions; and this construction was followed in *Allen* v. *Napa Co.*, 82 Cal. 187, a case in which the right of a constable to mileage was involved.

The proposition that section 201 authorizes the constable to

receive only the same "fees," but that for the purpose of estimating "mileage" a new rule is prescribed, is untenable. The act of 1869–70 does not in terms authorize constables to charge any mileage, the provision being (sec. 23), "For all other services the same *fees* as are allowed to sheriffs for similar services," and in construing this provision in *Allen* v. *Napa Co.*, it was held that by virtue thereof constables were entitled to receive the same mileage, as well as fees, that sheriffs were authorized to receive. "The duties of his office," in the discharge of which the constable is entitled to receive mileage, are the same duties as those which are referred to in the act of 1869–70, and the mileage for which a constable is to be allowed compensation is the same as that for which provision is made in that statute. The construction asked for by the appellant would require us to hold that the provision in that act that "in serving a subpœna or venire, when two or more jurors or witnesses live in the same direction, but one mileage shall be charged," has also been abrogated. Such a construction would be manifestly inconsistent with the apparent intention of the legislature.

We hold, therefore, that the only change in compensation of constables which the legislature intended by the above provision of the County Government Act, was to reduce their mileage from thirty cents to twenty-five cents per mile, but that the subjects for which they are entitled to such mileage are the same as existed when the act was passed.

The judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.