·(December 27, 1895.)

WARNER, SHERIFF, v. FREMONT COUNTY.

[43 Pac. 327.]

SHERIFF—MILEAGE—PRISONER—PLACE OF ARREST.—Under the provisions of subdivision 18 of section 2 of an act entitled "An act concerning fees and compensation of county officers," First Session Laws 1891, page 174, the sheriff is entitled to mileage for taking a prisoner from the place of arrest to prison or before a court or magistrate, regardless of whether such prisoner is arrested with or without a warrant. The execution of a warrant ·of arrest and taking of prisoner from the place of arrest before a magistrate is mentioned in said section as separate and distinct acts and mileage allowed for each.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

Philetus Averitt and F. S. Dietrich, for Appellant.

The compensation of sheriffs is provided for in article 18, section 7 of our constitution. The mileage therein referred to is specifically prescribed on page 177 of Idaho Session Laws of 1890-91, as follows, to wit: "For traveling to execute any warrant of arrest, subpoena, venire or other process in criminal cases, or for taking a prisoner from prison before a court or magistrate, or for taking a prisoner from the place of arrest to prison, or before a court or magistrate for each mile actually and ' necessarily traveled in going only, thirty-five cents'; for each additional prisoner taken at the same time, fifteen cents per mile." The California statute was as follows: "For every mile necessarily traveled, in going only, in executing any warrant of arrest, subpoena or venire, bringing up a prisoner in habeas corpus, taking prisoners before a magistrate or to prison, or for mileage in any criminal cause or proceeding, etc.," the sheriff should receive thirty cents. (*Cunningham v. San Joaquin Co.*, 49 Cal. 323.) It will be noted that the California statute is open to construction, for the reason that it does not, as our statute, expressly state "from the place of arrest;" *ex industria*, it would seem, our legislature sought to avoid the possibility of a question, or judicial construction, by supplying the deficiency of the California statute. (*Allen v. Napa Co.*, 82 Cal. 187, 23 Pac. 43; *Monahan v. San Diego Co.* (Cal.), 29 Pac. 417.)

Attorney General George M. Parsons, for Respondent.

"In traveling to execute a warrant of arrest," the sheriff has not fully performed his duty in that behalf until he has not only arrested the person named in the warrant, but has also complied with the command "bring him before me" contained in the warrant. (Rev. Stats., sec. 7519; *Yavapai County v. O'Neil* (Ariz.), 29 Pac. 430-434.) The entire act relating to fees and mileage should be considered together, and the court must, if possible, give to each part such a construction as will render all parts harmonious. For the true meaning of any passage is that which best harmonizes with the subject and with every other passage of the statute. (Endlich on Interpretation of Statutes, secs. 35, 43, 52; Sutherland on Statutory Construction, secs. 239, 240, 241.)

SULLIVAN, J.—This is an appeal from the judgment of the district court of Fremont county involving the claim of the sheriff for fees for mileage for taking a prisoner from the place of arrest before a magistrate. The sheriff of said county, who is appellant here, did, by virtue of a warrant of arrest issued out of the probate court of said county, and placed in his hands for service, arrest the person named in the warrant, at a considerable distance from the county seat, and duly filed his claim against said county for mileage for going to make the arrest, and for mileage for taking the prisoner so arrested before the magistrate who issued said warrant. His claim for going to make the arrest was allowed by the commissioners of said county, and the claim for taking the prisoner from the place of arrest before the magistrate was not allowed, on the ground that it was not a legal charge. There are two items in appellant's claim, both of which involve the same point of law, and what is said of one applies to both items.

The provisions of law regulating the fees of the sheriff in the matter under consideration are found in subdivision 18 of section 2 of an act entitled "An act concerning fees and compensations of county officers," approved March 13, 1891 (1st Sess. Laws, 1890-91, p. 177). That subdivision, after making provision for certain services of sheriffs, provides that they shall receive "for traveling to execute any warrant of arrest, subpoena, venire or other process in criminal cases, or for taking a prisoner from prison before a court or magistrate or for taking the prisoner from the place of arrest to prison, or before a court or magistrate, for each mile actually and necessarily traveled, in going only, thirty-five cents."

The question for consideration is, Was the sheriff entitled to a fee of thirty-five cents per mile for taking the prisoner from the place of arrest before a court or magistrate, he having been allowed thirty-five cents per mile for going to the place where said arrest was made? Appellant contends that the provisions of said act are too plain to admit of construction. That it declares that the sheriff is allowed, and may demand and receive, for taking a prisoner from the place of arrest to prison or before a court or magistrate, for each mile actually and neces-

sarily traveled in going, only, thirty-five cents; while respond-
ent contends the plain intent and purpose of said provisions
were to allow the sheriff mileage in going, only, in executing
a warrant of arrest, and the provision allowing him thirty-five
cents per mile for taking the prisoner from the place of arrest
to prison or before a court or magistrate only applies to cases
where arrest is made without a warrant. Some of the acts for
which a sheriff may demand and receive thirty-five cents per
mile for each mile actually and necessarily traveled in going,
only, as provided by said act, are as follows: For traveling to
execute any warrant of arrest; for traveling to execute sub-
poena or venire; for traveling to execute other process in crim-
inal cases; for taking a prisoner from prison before a court
or magistrate; for taking a prisoner from the place of arrest
to prison or before a court or magistrate. The language used,
stating each of said acts, is clear, plain and direct. The mean-
ing is too obvious to be misunderstood, and the language too
plain to admit of construction. If the legislative intent was
not to allow the sheriff mileage for taking a prisoner from the
place of arrest to prison or before a court or magistrate except
when arrested without a warrant, the legislature signally failed
to confine it to that class of prisoners. As the law now reads,
no distinction is made between a prisoner arrested with or with-
out a warrant so far as the mileage of the sheriff is concerned
in taking them from the place of arrest to prison or before a
court or magistrate.

The case of *Yavapai Co. v. O'Neil* (Ariz.), 29 Pac. 430, is
cited as an authority sustaining the contention of respondent.
That decision was under a statute different from ours. It con-
tained no provision for mileage for taking a prisoner from the
place of arrest to prison or before a court or magistrate, and
provided for compensation for mileage one way only for exe-
cuting a warrant of arrest. The court there held that to "exe-
cute a warrant" is to do what is in the writ commanded, and
that included taking the prisoner from the place of arrest to
prison, etc. Very true, our statute declares that, for executing
a warrant of arrest, the sheriff shall receive mileage for one
way only. In the same sentence, it declares that he may de-

mand and receive mileage for taking the prisoner from the place of arrest to prison or before a court or magistrate, clearly indicating that it was not intended to include that act as a part of the execution of the warrant, or, if a part, to permit fees to be charged for it.

It is contended that the intention was not to permit double mileage. While I think that is true, I also think that the legislature knew that there might be expense in transporting the prisoner from the place of arrest to prison or before a court or magistrate, which expense the sheriff must pay, and the allowance of thirty-five cents per mile for that service was to cover that expense. In the service of a subpoena or venire, there is no expense of transporting prisoners, and the sheriff is allowed thirty-five cents per mile in going only. Executing a warrant of arrest, and taking a prisoner before a court or magistrate, are treated in said section as separate and distinct acts, and not as a single act, and compensation for each allowed. Under the statute of California, which is not as explicit as ours on the question under consideration, the supreme court of that state holds that the sheriff is entitled to mileage for executing a warrant of arrest, and also mileage for taking the prisoner so arrested before a magistrate. (*Cunningham v. San Joaquin Co.,* 49 Cal. 323; *Allen v. Napa Co.,* 82 Cal. 187, 23 Pac. 43; *Monahan v. San Diego Co.* (Cal.), 29 Pac. 417.) The act under consideration, instead of prohibiting mileage for said service, has plainly stated that the sheriff may demand and receive thirty-five cents per mile for taking a prisoner from the place of arrest before a court or magistrate, whether such prisoner is arrested with or without a warrant, and, for each additional prisoner taken, the law allows fifteen cents per mile, thus providing, as I think, for the expense of transporting such prisoners.

The judgment of the court below is reversed, with instructions to enter judgment in favor of appellant, in accordance with the views expressed in this opinion. Costs awarded to appellant.

Morgan, C. J., and Huston, J., concur.